UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
BARRON SPRUILL and TYSHARN SPRUILL,

                            Plaintiffs,

                -against-

CITY OF NEW YORK; Police Officer BRYAN DESILVA, Shield No. 13802; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

13 CV 1282 (SLT)(VMS)

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiffs demand trial by jury in this action.

## **PARTIES**

6. Plaintiffs Barron Spruill and Tysharn Spruill ("plaintiffs" or "Mr. Spruill" or "Ms. Spruill") are residents of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Bryan DeSilva, Shield No. 13802 ("DeSilva"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant DeSilva is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 7:50 p.m. on January 18, 2013, plaintiffs were lawfully preset in the vicinity of 77 Tompkins Avenue, Brooklyn, New York.

13. Plaintiff Barron Spruill was with his friend Kevin, when several New York City Police Officers including defendant DeSilva, approached the pair.

14. Unprovoked, and without any probable cause, the officers threw Kevin to the ground and began to beat him. Barron went to the window of his residence to get his mother, plaintiff Tysharn.

15. Tysharn was in her residence, looked out the window and observed the beating of Kevin.

16. Tysharn exited the residence and asked the officers why they were beating Kevin.

17. In response, the officers, including defendant DeSilva, pushed plaintiff Tysharn.

18. Plaintiff Barron asked the officers why they pushed his mother.

19. In response, one of the officers threatened to arrest plaintiff Barron.

20. Plaintiff Barron insisted that he had not done anything wrong by simply speaking with the officers.

21. The officer responded by calling plaintiff a "dumbass."

22. Defendant DeSilva then proceeded to punch and beat plaintiff as his mother, Tysharn, watched helplessly.

23. Despite the fact that they had no probable cause to do so, defendants, including defendant DeSilva, arrested plaintiff Barron.

24. Barron was subsequently transported to the police precinct.

25. Plaintiff Tysharn, who was not arrested at the time, separately went to the precinct on her own accord and asked to speak with a Lieutenant or Sergeant to report the misconduct she witnessed.

26. However, after arriving at the precinct, defendant officers placed Tysharn under arrest despite the fact that they had to probable cause to believe that she had committed any crimes or offenses.

27. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs commit crimes and offenses.

28. At no point did the officers observe plaintiffs commit any crimes or offenses.

29. At the precinct, plaintiff Tysharn repeatedly requested that she receive medical treatment for her diabetes, but her pleas were ignored.

30. From the precinct, plaintiffs were then transported to Brooklyn Central

Booking.

31. Plaintiff Tysharn was arraigned in Kings County Criminal Court, where her criminal charges were adjourned in contemplation of dismissal.

32. After approximately twenty-six hours in custody, plaintiff Tysharn was released.

33. Plaintiff Barron was arraigned in Kings County Criminal Court, where his criminal charges were adjourned in contemplation of dismissal.

34. After approximately twenty-six hours in custody, plaintiff Barronn was released.

35. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
### Unlawful Stop and Search

36. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

38. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

39. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

41. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

42. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

44. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### First Amendment Retaliation

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, and acting under color of state law to deprive the plaintiffs of their right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiffs' First Amendment rights to speech by unlawfully denying their right to speak freely by subjecting them to false arrest and excessive force to deter the exercise of their First Amendment rights. Defendants' actions were taken in retaliation for plaintiffs' exercising their First Amendment rights.

47. As a consequence of the individual defendants' actions, plaintiffs have suffered violations of their First and Fourteenth Amendment rights to free speech. Plaintiffs have fear and apprehension that they will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing their First Amendment-protected activities.

48. As a direct and proximate result of the individual defendants' unlawful actions, plaintiffs have suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### Deliberate Indifference to Safety/Medical Needs

49. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

50. The individual defendants were aware of a risk to plaintiff Tysharn's safety and a need for medical care and failed to act in deliberate indifference to plaintiff Tysharn's needs.

51. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

52. As a direct and proximate result of this unlawful conduct, plaintiff Tysharn sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

53. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

54. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

56. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   May 21, 2013
         New York, New York


_____/s/_____
Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427

*Attorney for plaintiffs*